ROBERT J. BOOK AND ANOTHER v. G. B. ASSELSTINE.

203 N. W. 2d 387.

December 29, 1972—No. 43438.

*Feinberg, Mirviss, Meyers, Schumacher & Malmon* and *Richard Meyers,* for appellant.

*Bertie & Bettenburg* and *James R. Bettenburg,* for respondents.

Heard before Knutson, C. J., and Todd, MacLaughlin, and Schultz, JJ.

PER CURIAM.

Defendant appeals from denial of his motion for a new trial. Plaintiffs, Robert J. Book and Georgia M. Book, obtained judgment against defendant pursuant to a guaranty-of-lease agreement. We affirm.

Plaintiffs were the owners of used-car property on Lake Street in Minneapolis. On March 19, 1970, plaintiffs entered into a lease agreement with Amundson Motors, Inc., a corporation, to lease the premises for 12 months commencing March 12, 1970, at a rental of $1,200 per month, plus $200 per month for real estate taxes. Performance of said lease agreement by Amundson Motors, Inc., was guaranteed by the defendant. Amundson Motors occupied the premises until October 21, 1970, and paid the rent through October 29, 1970. Shortly before that date, Amundson's president advised plaintiff Robert Book that Amundson was leaving the premises and was unable to pay the rent, as the corporation was insolvent.

After the abandonment of the premises, plaintiffs notified defendant that they would attempt to obtain a tenant for the balance of the term

and would credit any amounts received toward his obligation, and they requested his assistance in obtaining a tenant. Further, the notice stated that the letter was to be regarded as a demand under the terms of the guaranty. Pursuant to the terms of the lease, plaintiffs had occupied a small portion of the premises from which they operated a wholesale car business. Upon the abandonment, plaintiffs physically reoccupied the premises and began to prepare them for use in a retail car business operated by Time Motors Sales, a corporation which was wholly owned by plaintiffs. Plaintiffs moved furniture into the office space, moved automobile inventory onto the sales lot, and repainted the sign on or about December 1, 1970.

The trial court found that the first 2½ months of such occupancy were not, under principles of equity that should apply here, a reentry in abrogation or derogation of the lease of Amundson Motors, Inc., but constituted an honest attempt by plaintiffs to begin to re-establish the property as an income-producing entity for the production of at least such income as was necessary for its protection. In applying these equitable principles, the trial court rejected defendant's argument that the actions of plaintiffs constituted a reentry and surrender of the premises, thereby relieving defendant of any further rent liability.

We have reviewed the record and find adequate evidence to sustain the findings and conclusions of the trial court and hereby affirm its judgment.

Affirmed.